

# NUMBER 13-18-00526-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DEMPSIE CLINTON AND
VICTORIA CLINTON,                                                    Appellants,

v.

LEOBARDO ARAGUZ,                                                       Appellee.

### On appeal from the 107th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Hinojosa and Tijerina
### Memorandum Opinion by Chief Justice Contreras

This case concerns a motion to dismiss brought under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 27. Appellants Dempsie Clinton and Victoria Clinton argue by a single issue that the trial court erred in failing to grant their motion to dismiss a suit filed by appellee Leobardo Araguz. The

Clintons contend that Araguz's suit is "based entirely on their privileged communications with their bank and law enforcement" and that Araguz failed to produce clear and specific evidence to support his claims. *See id.* § 27.003.

In response, Araguz argues in part that we lack jurisdiction over the appeal because the trial court did not rule on the Clintons' motion to dismiss. Because we agree, we will dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

Araguz alleged that the Clintons had entered into a construction agreement with his firm, Araguz Construction, LLC, in 2016, and that as part of the project, he endorsed a $18,788 check issued by Texas National Bank which was made payable to both him and the Clintons. According to Araguz, the Clintons complained to Texas National Bank about the endorsement and they filed a report with the Harlingen Police Department alleging that their signatures were forged. Araguz states that he was arrested on May 27, 2017, but that after further investigation, the Cameron County District Attorney dismissed the charges against him.[1] On May 24, 2018, he sued the Clintons, the City of Harlingen, the Harlingen Police Department, and Scott Vega, a police department employee, alleging defamation and malicious prosecution, among other claims.[2]

The Clintons filed a combined answer and motion to dismiss under the TCPA on June 27, 2018. *See id.* That day, the trial court ordered that a hearing on the motion to dismiss would take place on August 9, 2018 at 8:30 a.m. The day before the scheduled

---

[1] According to the Clintons, a grand jury returned an indictment against Araguz for forgery of a financial instrument, but Araguz "managed to get the prosecutors to dismiss the indictment."

[2] The non-Clinton defendants did not file a TCPA motion to dismiss but instead filed a plea to the jurisdiction. The record does not contain a ruling on the plea. These defendants are not parties to this appeal.

hearing, the Clintons submitted various pieces of evidence in support of their motion. No response to the TCPA motion to dismiss appears in the record.

The August 9 hearing proceeded before an associate judge. The record of the hearing is, in its entirety, as follows:

| | |
|---|---|
| COURT COORDINATOR: | [The Clintons' counsel is] in the courtroom. He has been waiting for [Araguz's counsel]. He has a motion to dismiss. |
| [Clintons' counsel]: | Good morning, Your Honor. |
| THE COURT: | 2018-DCL-3174, defendant's motion to dismiss. |
| [Clintons' counsel]: | Yes, Your Honor. I have not spoken or seen [Araguz's counsel]. I did send him an email this morning, letting him know that I was here waiting for him, and I have not heard back. |
| THE COURT: | Do you have his cellphone number? |
| [Clintons' counsel]: | I do not. |
| THE COURT: | [Court coordinator], what do you have? |
| [Clintons' counsel]: | I would prefer that he was here since it is a motion to dismiss. |
| THE COURT: | Well, what's going to happen is—the same thing is going to happen. We're going to end up with— |
| [Clintons' counsel]: | May I make a suggestion to the Court? |
| THE COURT: | I'll probably take it. |
| [Clintons' counsel]: | Okay. This is a motion under the TCPA, the Texas Citizens Participation Act. |
| THE COURT: | Yes. I'm very familiar with that. |
| [Clintons' counsel]: | And because of the rules, the Court had to set it for a hearing within 30 days of the date that the motion was filed, and I know that the Court is required to enter a ruling within—I'm |

3

not sure if it's 30 or 60 days—

THE COURT:          I want to say it's—

[Clintons' counsel]:      —from the date of the hearing.

THE COURT:          I want to say it's another 30.

[Clintons' counsel]:      I'm not sure which it is. I filed evidence yesterday. [Araguz's counsel] has never responded to the motion, and I'm sure that if he were here he would probably ask the Court for time so that he could file a response to the evidence that I filed yesterday.

The other reason that I had delayed is he's included the City of Harlingen and a detective as defendants. They apparently have not been served. I spoke with Mr. Navarro, who is the city attorney for the City of Harlingen, and he advised me that as soon as he got served they would probably move it to Federal Court, which is why I had delayed in submitting my evidence because I assumed that we would probably be in Federal Court by now. I have submitted evidence—

THE COURT:          I see it.

[Clintons' counsel]:      I have submitted some evidence to the Court. I do have a recent Texas Supreme Court case that I believe is on point that I can hand to the Court.

THE COURT:          If you'll hand that to me, I'll put it in the file.

[Clintons' counsel]:      Yeah. And then what we can do is maybe let [Araguz's counsel] know that—

THE COURT:          Here's how we're going to do it.

[Clintons' counsel]:      —that he can respond or something.

THE COURT:          Here's how we're going to do it. Give me about two weeks.

COURT COORDINATOR:   August 23rd?

4

| | |
|---|---|
| THE COURT: | Let's do it this way. When's your next drop docket? |
| COURT COORDINATOR: | Judge does them every 30 days, Judge. So the next one would be September 27th. |
| THE COURT: | This case will be reset for September 27th, given that [Araguz's counsel] has not appeared. We're going to send you a drop docket notice just like we did the other case before. |
| [Clintons' counsel]: | Okay. |
| THE COURT: | On that date, if he doesn't appear, then I'm just going to dismiss it for failure—want of prosecution. |
| [Clintons' counsel]: | All right. |
| THE COURT: | But then if he does appear, then we will hear the motion and see where it goes and I'll put this in the file. |
| [Clintons' counsel]: | Okay. And then I guess if he ends up serving the City, we'll end up— |
| THE COURT: | If y'all are going to remove it, I won't have to worry about it, but the other thing is, I'll put—I'm going to put it on you to make sure that you email or send him the notice certified mail. |
| [Clintons' counsel]: | Okay. |
| THE COURT: | And I want documentation when we come to court so I can say, you know what, he knew. |
| [Clintons' counsel]: | What I will do, Your Honor, is I'll check the rule because I'm not sure that—I want to make sure that the Court does everything in accordance with the rule. |
| THE COURT: | Right, and I don't remember the— |
| [Clintons' counsel]: | I don't recall if it's 30 or 60 days, but whatever it is, what I'll do is prepare a letter to the Court and copy [Araguz's counsel] on it. |

5

| THE COURT: | And make sure he gets the order—the drop docket order—the drop docket order for the 27th. You'll get it. I want to make sure he gets it. |
| --- | --- |
| [Clintons' counsel]: | We'll do that, Your Honor. |
| THE COURT: | Thank you, [Clintons' counsel]. Have a wonderful day. |

The record shows that a "Drop Docket Notice" was sent to both parties' attorneys, commanding them to appear at 8:00 a.m. on September 27, 2018, to "show cause why this matter should not be dismissed for want of prosecution." However, before that hearing could take place, the Clintons filed a notice of interlocutory appeal on September 18, 2018, contending that their TCPA motion to dismiss was denied by operation of law, and was therefore appealable, because the trial court failed to rule on the motion within thirty days of August 9. *See id.* § 51.014(a)(12) (permitting interlocutory appeal of order that denies a TCPA motion to dismiss). As a result of the Clintons' notice of appeal, all trial court proceedings were automatically stayed. *See id.* § 51.014(b) (providing that an appeal under § 51.014(a)(12) stays commencement of a trial and "all other proceedings in the trial court pending resolution of that appeal").[3]

## II. JURISDICTION

In his brief on appeal, Araguz argues that we lack jurisdiction because the trial court did not explicitly or implicitly deny the Clintons' TCPA motion. *See id.* § 51.014(a)(12) (permitting interlocutory appeal of order that "denies a motion to dismiss filed under [§] 27.003").

---

[3] On September 19, 2018, the City of Harlingen removed the underlying suit to federal district court. We therefore abated the appeal on October 12, 2018. The federal court remanded the case back to state court on June 11, 2019, and we reinstated the appeal on July 22, 2019.

6

Under the applicable version of the TCPA, a party may move to dismiss a lawsuit that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a)).[4] Such a motion must be filed not later than the sixtieth day after the date of service of the suit. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b). A hearing on the motion must be set not later than the sixtieth day after the date of the service of the motion "unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than 90 days after service of the motion," unless the court allows discovery on the TCPA motion. *Id.* § 27.004(a). "The court must rule on a motion under [§] 27.003 not later than the 30th day following the date of the hearing on the motion." Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(a)). If the court does not rule on a TCPA motion to dismiss within that time, the motion is considered denied by operation of law. TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a).

The record contains no written or oral ruling on the Clintons' TCPA motion. Thus, the jurisdictional question presented to us is whether the trial court failed to rule within the time prescribed under TCPA § 27.005. *See id.* § 27.005. The Clintons argue that the trial court did so fail because it did not rule on their motion within thirty days after the August 9, 2018 hearing. On the other hand, Araguz argues that "the court did not hear the matter"

---

[4] The Texas Legislature recently amended the TCPA, but the amendments apply only to "an action filed on or after" September 1, 2019. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. Because Araguz's lawsuit was filed before that date, the prior version of the statute applies here. *See id.* We cite the prior version where it materially differs from the current version.

of TCPA dismissal at the August 9, 2018 hearing "but instead reset the hearing to September 27th, 2018, and provided [Araguz] with an opportunity to file a response." Therefore, according to Araguz, the motion is still pending and should not be considered denied as an operation of law.

Araguz cites *Cuba v. Pylant* and *Puig v. Hejtmancik* to support his position. In *Cuba*, there was no hearing held on the defendants' TCPA motion to dismiss; therefore, the motion could not have been overruled by operation of law. 814 F.3d 701, 710 (5th Cir. 2016) (noting that the TCPA "has no language contemplating a denial by operation of law if there has been no hearing"). In *Puig*, the defendants served notice of a May 1, 2017 hearing on their TCPA motion, but no hearing occurred on that date. No. 14-17-00358-CV, 2017 WL 5472781, at *2 (Tex. App.—Houston [14th Dist.] Nov. 14, 2017, no pet.) (mem. op.). On appeal, the defendants argued that the trial court actually heard their motion to dismiss at a different hearing on May 27, 2017, during which the court also considered a petition for pre-suit depositions. *Id.* The appeals court rejected that argument, noting that the plaintiff disputed that the motion to dismiss was heard on May 27; that there was no reporter's record of the May 27 hearing; that "no party filed a formal bill of exception in the trial court as an alternative means of showing that the trial court conducted a hearing on the motion to dismiss" on May 27 or at any other time; that the clerk's record does not show that the motion to dismiss was set for hearing on May 27; and that the record does not show the plaintiff agreed to proceed with a hearing on the motion to dismiss while waiving the notice requirement. *Id.* Because there was no hearing, the motion was not overruled by operation of law, and the appeals court lacked jurisdiction over the interlocutory appeal. *Id.*

*Cuba* and *Puig* are not directly analogous to this case, but they are instructive. Here, there is no dispute that a hearing on the Clintons' TCPA motion to dismiss was properly noticed for August 9, 2018, nor is there a dispute that some sort of hearing in fact occurred on that date. However, unlike in *Puig*, we have the benefit of a reporter's record from the hearing. And the transcript of the hearing clearly reflects that the merits of the TCPA motion to dismiss were never discussed. Instead, the Clintons' counsel suggested that, if Araguz's counsel had appeared, he would ask for additional time to respond to the evidence which the Clintons had filed the previous day. The trial court apparently agreed with this suggestion and stated the "case will be reset" for September 27. The court stated that, if Araguz's counsel failed to appear on September 27, the cause would be dismissed for want of prosecution, but if Araguz's counsel did appear on that date, "then we will hear the motion and see where it goes . . . ." The record establishes that the trial court intended to postpone the hearing on the TCPA motion so that Araguz's counsel could have an opportunity to respond to the newly-filed evidence.[5] On this record, we cannot conclude that August 9, 2018 constituted "the date of the hearing on the [TCPA] motion" so as to trigger the trial court's obligation to rule within thirty days. *See* Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, sec. 27.005(a), 2011 Tex. Gen. Laws 961 ("The court must rule on a motion under [§] 27.003 not later than the 30th day following the date of the hearing on the motion.").[6]

---

[5] No response appears in the record. Araguz contends that is because of the removal to federal court. On appeal, he notes that he "did file a response to the motion to dismiss [in federal court] once the Clintons requested the Federal Court to consider their motion to dismiss." Araguz attached a copy of this response to his brief. The response urges that his suit should not be dismissed under Federal Rule of Civil Procedure 12(b)(6); it does not explicitly address the Clintons' TCPA motion. In any event, we may not consider materials not in the trial court record. *See Gonzalez v. Villarreal*, 251 S.W.3d 763, 777 (Tex. App.—Corpus Christi–Edinburg 2008, pet. dism'd) ("An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal.").

[6] We observe that the newly-amended version of the statute requires the court to rule on a TCPA

9

In their reply brief, the Clintons argue that the trial court could not have permissibly continued the TCPA hearing until September 27, 2018 because that is more than ninety days after the motion was served. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(a) (stating that "in no event shall the hearing occur more than 90 days after service of the motion" unless discovery is ordered). That may be true, but it does not change the fact that, according to the transcript of the August 9, 2018 hearing, the TCPA motion was not heard on that date. And under the statute, denial by operation of law may only occur when there has been a hearing. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a); *Cuba*, 814 F.3d at 710.

It must be emphasized that a party may not avoid a deemed denial of a TCPA motion to dismiss by simply failing to appear at the duly-noticed hearing, as Araguz's counsel did on August 9, 2018. But, by the same token, a TCPA movant may not ambush the other party with evidence the day before the hearing and expect that hearing to trigger the trial court's obligation to rule within thirty days. Here, the record plainly shows that the trial court intended to postpone consideration of the merits of the TCPA motion to give Araguz a chance to respond to the Clintons' evidentiary submission. Under these circumstances, where the record has not been sufficiently developed and the trial court never had the opportunity to consider the TCPA motion on its merits, we conclude that there has been no denial by operation of law.

---

motion "not later than the 30th day following the date the hearing on the motion *concludes*." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(a) (emphasis added). If this version of the statute applied here, the result would be the same because it is undisputed that, even if a hearing on the TCPA motion occurred on August 9, 2018, that hearing was never "concluded."

### III. CONCLUSION

The appeal is dismissed for want of jurisdiction.

DORI CONTRERAS
Chief Justice

Delivered and filed the
7th day of November, 2019.